## Case No. 9,712.

### The MONONGAHELA.

[5 Biss. 131.] [1]

District Court, N. D. Illinois. June, 1870.

SEAMEN—WAGES—MASTER—MARITIME LIEN—ADVANCES FOR BOARD OF CREW AND SUPPLIES.

1. The contract of the captain of a vessel for his services is a personal contract, and he has no maritime lien for his compensation as such.

2. His claims for advances for board of crew and purchase of supplies may, however, be allowed out of proceeds in the registry.

In admiralty.

BLODGETT, District Judge. The hearing in this case came on for the purpose of determining what disposition should be made of a balance of proceeds remaining in the registry of the court. The steamer has been sold, the claims of the libellants and some others paid in full, and there is a remnant of some five or six hundred dollars left in the registry.

The captain of the steamer filed a claim amounting to $1,379 for wages as captain, and some small expenditures. There are also claims filed by material and supply men to the amount of about $900. It is objected by the material and supply men that their claims should be satisfied out of these proceeds before there is any satisfaction of the captain's claim. I am clear, on consulting the authorities, that such is the case. The objection to the payment of the captain, either pro rata, or as a first claim out of the proceeds of this steamer, I think is well taken.

The law clearly seems to contemplate the contract by the captain for his services as a personal contract with the owner of the vessel. He can file no libel; he has no lien upon the vessel for his wages or his services, although he has a lien, perhaps, for expenditures, or materials, or supplies, when in a foreign port, but for his wages as captain he has no lien, cannot-libel the vessel, and cannot enforce it in rem. If there should be a sum left in the registry after payment of all liens, I am inclined to think that the captain, being a creditor of the owner, might intervene to be paid out of this fund, not because of his lien, but because he is a creditor and entitled by proper proceedings to his payment

out of any funds belonging to the owner, his debtor; but certainly he has no lien as against material and supply men, who have at least a statutory lien.

I, however, find in the account filed by the captain, that he paid $55.50 board of crew and $23.85 for supplies of the boat. These items being proven, he will be entitled to the amount of those items, $79.35, or rather, to his pro rata, with the other claimants.

For a full discussion of the master's lien, and collection of authorities, see 2 Pars. Shipp. & Adm. 24, 25, and notes.

MONONGAHELA BRIDGE CO. (UNITED STATES v.). See Case No. 15,796.

## Case No. 9,713.

### MONROE v. BRADLEY.

[1 Cranch, C. C. 158.] [1]

Circuit Court, District of Columbia. Dec. Term, 1803.

INJUNCTION — VIOLATION — CONTEMPT —IMPRISONMENT.

The court of chancery will imprison for contempt in violating an injunction.

[This was a suit by Thomas Monroe, superintendent of the city, against William Bradley.] In this case, a similar attachment [as in the case against Samuel Harkness] was issued in the first instance. Both the defendants were ordered into close custody for the term of six days, the present day to be considered as one, and to stand further committed until the costs upon the attachment should be paid.

[See Case No. 9,715.]