# IN RE WILLIAM CONNORS PAINT MANUFAC-
TURING COMPANY.

TRADEMARKS; SIMULATION OF THE INSIGNIA OF THE UNITED STATES.

Under sec. 5 of the trademark act of February 20, 1905, prohibiting the
registration as a trademark of any mark which simulates "the flag,
or coat of arms, or other insignia of the United States," a mark,
which simulates the seal of the Department of Justice, and also the
Great Seal of the United States, is not entitled to registration. (Fol-
lowing *Re Cahn, B. & Co. ante*, 173.)

No. 341. Patent Appeals. Submitted March 16, 1906. Decided April 10,
1906.

HEARING on an appeal from a decision of the Commissioner
of Patents refusing to register a trademark.        *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Titian W. Johnson* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Justice McComas delivered the opinion of the Court:

This is an appeal by the William Connors Paint Manufactur-
ing Company from a decision of the Commissioner of Patents
refusing to register an alleged trademark described as follows:
"The trademark of said corporation consists of the repre-
sentation of an eagle with spread wings, perched upon the
American shield and holding in its exposed talons arrows and
branches of laurel, there being in the background the representa-
tions of stars and the exposed ends of several American flags,
the. whole being inclosed within concentric circles appearing

within a seal-like border, and the words 'American Seal' which appear in the upper portion of the seal-like border."

The Commissioner of Patents in this case refused to permit registration to this trademark for two reasons, and the first of these disposes of this appeal. Registration was refused because the pictorial representation is a simulation of the United States coat of arms.

This court has recently decided, in *Re Cahn, B. & Co. ante,* 173, that a mark such as is here presented for registration is prohibited by the 5th section of the act of February 20, 1905 (33 Stat. at L. 725, chap. 592, U. S. Comp. Stat. Supp. 1905, p. 670). The act mentioned requires that registration be refused as to trademark, to such a mark as "consists of, or comprises, the flag, or coat of arms, or other insignia of the United States, or any simulation thereof, or of any State or municipality, or of any foreign nation."

The tribunals of the Patent Office are not quite accurate in saying that the pictorial representation in this application is a simulation of the United States coat of arms. It is more nearly a simulation of the seal of the Department of the Justice of the United States though some parts do simulate the Great Seal of the United States.

In the Journals of Congress, vol. 4, page 39, it appears that on June 20, 1782, the Great Seal was finally adopted, and from the order adopting the Great Seal we quote the following description of the obverse of the seal, the reverse of the seal not being used: "Arms. Paleways of thirteen pieces, argent and gules, a chief, azure; the escutcheon on the breast of the American eagle displayed proper, holding in his dexter talon an olive branch, and in his sinister a bundle of thirteen arrows, all proper, and in his beak a scroll, inscribed with this motto, *'E pluribus Unum.'* "

"For the Crest. Over the head of the eagle, which appears above the escutcheon, a glory, or breaking through a cloud, proper, and surrounding thirteen stars, forming a constellation, argent, on an azure field." See Seal of the United States, by Gaillard Hunt, pages 23, 24; publication of the Department of State, 1902.

By the act of September 15, 1789, creating the Department of State (1 Stat. at L. 68, chap. 14, U. S. Comp. Stat. 1901, p. 1225), it was provided: "Section 3.   *   *   *   That the seal heretofore used by the United States in Congress assembled shall be, and hereby is declared to be, the Seal of the United States."   Section 4 provides that the Secretary of State shall be the keeper of the Seal, and shall affix it to all civil commissions to officers, appointed by the President.   In *Marbury* v. *Madison,* 1 Cranch, 158, 2 L. ed. 67, Chief Justice Marshall made a memorable use of this law.   As the government grew it became impracticable to apply the Great Seal to all the commissions of officers.   By successive acts of Congress, the several departments adopted a separate department seal.   The seal of the Department of Justice is an eagle resting on a prone national shield, wings fluttering, with olive branch and arrows in his talons.   This seal the applicant in this case mainly followed, adding the stars from the Great Seal, and, beside, added the flags.   See Great Seal, by Charles A. L. Tottem (1897).   It is plain that in any event this mark is a simulation of the described insignia of the United States, and the Commissioner of Patents properly refused registration of the same.

It is not necessary that we consider the second reason assigned by the Commissioner of Patents for his refusal to register this mark.

The clerk of this court will certify this opinion and the proceedings of the court in this cause to the Commissioner of Patents according to law.                        *Affirmed.*